IN THE UNITED STATES DISTRICT COURT
OF THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

JAMES WINDING, #K8115                                              PLAINTIFF

VS.                                       CIVIL ACTION NO: 3:13-cv-101-TSL-JMR

KEVIN COLBERT; LILLIE BLACKMON SANDERS;
CRAIG GODBOLD; NATCHEZ POLICE
DEPARTMENT; RONNIE HARPER;
PAMELA FERRINGTON; ADAMS COUNTY JAIL;
UNITED STATES DEPARTMENT OF JUSTICE;
CHRISTOPHER EPPS                                                   DEFENDANTS

## REPORT AND RECOMMENDATION

This matter is before the Court on the Motion of the Defendants Christopher Epps, Commissioner of the Mississippi Department of Corrections, District Attorney Ronnie Harper, and Circuit Court Judge Lillie Blackmon Sanders [collectively, State Defendants] to Dismiss [8] this case pursuant to *Heck v. Humphrey* and the statute of limitations. Also pending before the Court are the Motions to Dismiss filed by the Defendants Adams County, Mississippi [10]; Adams County Jail [12]; Kevin Colbert [17]; the Natchez Police Department [21]; and Pamela Ferrington [24]. Winding has filed various motions of his own, including a Motion for Order to Show Cause [14]; Motion for Extension of Time to Reply to Adams County's Motion to Dismiss [15]; Motion to Issue Federal *Habeas Corpus* [16]; Motion for Summary Judgment [25]; Motion to Continue [26]; Motion for Injunctive Relief [27]; Motion to Strike [28]; Motion to Amend [29]; Motion to Strike [30]; and another Motion to Amend [32]. The complaint in this case contends that the named defendants kidnapped Winding when he was arrested on September 28, 2002, and placed in the Adams County Jail on charges of sexual battery. [1-1, pp. 5, 12-13.]

On May 21, 2012, a lawsuit styled *James Winding v. Lillie Blackmon Sanders, Ronnie*

*Harper, Craig Godbold, Eileen Maher, Kevin Colbert, Natchez Police Department, Pamela Ferrington, and the Adams County Jail*, 5:12cv88-DCB-JMR was filed in the United States District Court for the Southern District of Mississippi, Western Division. That suit was based on Windings' arrest on September 28, 2002, on charges of kidnapping and sexual battery. *Winding v. Sanders*, 1:12cv88DCB-JMR, Doc. 1-2, p. 6. Winding contended in that suit that he was unlawfully held in custody on the charge of sexual battery because he was never arrested on that charge. [1-2, p. 6.] The suit was dismissed as barred by *Heck v. Humphrey*[1] on March 6, 2013. [1:12cv88, Doc. 78.]

According to the allegations of the complaint in this case, Winding contends that he was kidnapped by "all said defendants" when he was jailed on charges of sexual battery, a charge "that does not exist on NCIC report," "conspired with each other to deprive [Winding] of his liberty" "without any due process." [2, pp. 7-8.] These same allegations formed the basis of the complaint in *Winding v. Sanders*, 5:12cv88DCB-JMR, as outlined by Winding in his motion for summary judgment filed in that case. [*Winding v. Sanders*, 5:12cv88DCB-JMR, Doc. 50.] In that earlier lawsuit filed in Adams County, Mississippi, each defendant was sued for a "fundamental miscarriage of justice" and the "unlawful arrest" when "all named defendant[s] knowingly placed [Winding] in prison on sexual battery when they knew [Winding] was never finger printed, arrested nor booked on said charge." [1:12cv88; Doc. 8, p. 7.]

A district court is authorized to conduct limited screening and to dismiss a complaint if it appears the allegations are "totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn,* 183 F.3d 477, 479 (6th Cir. 1999) (citing

---

[1] 512 U.S. 477 (1994).

*Hagans v. Lavine,* 415 U.S. 528, 536–37 (1974)). In addition, district courts have "the right to take notice of [their] own files and records" in adjudicating cases between the same parties raising substantially similar issues as those addressed in previous cases. *Aloe Creme Labs., Inc. v. Francine Co.,* 425 F.2d 1295, 1296 (5th Cir. 1970) (*per curiam*). "[I]f a court is on notice that it has previously decided the issue presented, the court may dismiss the action *sua sponte,* even though the defense has not been raised. . . . This result is fully consistent with the policies underlying res judicata: it is not based solely on the defendant's interest in avoiding the burdens of twice defending a suit, but is also based on the avoidance of unnecessary judicial waste." *United States v. Sioux Nation,* 448 U.S. 371, 432 (1980). In this case Winding has brought suit in the Southern District of Mississippi, Western Division, for the identical claims raised in this case, and that suit was dismissed with prejudice on March 6, 2013. [5:12cv88, Doc. 78.]

Generally, *res judicata* is an affirmative defense that must be pleaded, not raised *sua sponte.* FED.R.CIV.P. 8(c). There are two limited exceptions to this rule; the first exception allows "[d]ismissal by the court *sua sponte* on res judicata grounds . . . in the interest of judicial economy where both actions were brought before the same court." *Boone v. Kurtz,* 617 F.2d 435, 436 (5th Cir. 1980); *accord United Home Rentals, Inc. v. Tex. Real Estate Comm'n,* 716 F.2d 324, 330 (5th Cir. 1983). Both of these actions were brought in the same federal district court, in different divisions. In fact, these actions are almost identical.

Winding had full and fair opportunity to raise the claims in the previous federal suit that are now raised before this Court. *See Harper Macleod Solicitors v. Keaty & Keaty*, 260 F.3d 389 (5th Cir. 2001). The previous suit was found barred by the provisions of *Heck v. Humphrey* and the Court finds no reason not to apply the same principals to this case. Winding has not shown

3

that the conviction that formed the basis of this suit and the previous suit was overturned. The Court, therefore, finds that both the principals outlined in *Heck v. Humphrey* and res judicata bars the plaintiff from relitigating the claims against the defendants in the present case. Accordingly, the Court recommends that the Defendants' Motion to dismiss filed by the State Defendants [8]; Adams County, Mississippi [10]; Adams County Jail [12]; Kevin Colbert [17]; the Natchez Police Department [21];and Pamela Ferrington [24] should be granted and all of plaintiff's claims be dismissed. Based on this finding the Court further recommends that all other motions in this case including the Motion for Order to Show Cause [14]; Motion for Extension of Time to Reply to Adams County's Motion to Dismiss [15]; Motion to Issue Federal *Habeas Corpus* [16]; Motion for Summary Judgment [25]; Motion to Continue [26]; Motion for Injunctive Relief [27]; Motion to Strike [28]; Motion to Amend [29]; Motion to Strike [30]; and another Motion to Amend [32] be denied as moot. Based on this recommendation, the Court further recommends that all claims advanced against these Defendants in their individual and official capacities, whether under § 1983 or state law, should be dismissed with prejudice.

## CONCLUSION

The Court recommends that the Defendants' Motion to dismiss filed by the State Defendants [8]; Adams County, Mississippi [10]; Adams County Jail [12]; Kevin Colbert [17]; the Natchez Police Department [21];and Pamela Ferrington [24] should be granted. The Court further recommends that all other motions in this case including the Motion for Order to Show Cause [14]; Motion for Extension of Time to Reply to Adams County's Motion to Dismiss [15]; Motion to Issue Federal *Habeas Corpus* [16]; Motion for Summary Judgment [25]; Motion to Continue [26]; Motion for Injunctive Relief [27]; Motion to Strike [28]; Motion to Amend [29];

Motion to Strike [30]; and another Motion to Amend [32] be denied as moot. Based on this recommendation, the Court further recommends that all claims advanced against these Defendants in their individual and official capacities, whether under § 1983 or state law, should be dismissed with prejudice.

In accordance with the Rules of this Court, any party, within fourteen days after being served a copy of this recommendation, or by no later than December 3, 2013, may serve and file written objections to the recommendations, with a copy to the District Judge, the U.S. Magistrate Judge, and the opposing party. The District Judge at that time may accept, reject or modify in whole or in part, the recommendation of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. Failure to timely file written objections to proposed findings, conclusions, and recommendations contained in this report will bar an aggrieved party, except on the grounds of plain error, from attacking on appeal unobjected to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1428–9 (5th Cir. 1996) (*en banc*), *superceded by statute on other grounds,* 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days). A copy of this R&R has been mailed to Winding by certified mail, return receipt requested, at his last known address.

This the 19th day of November, 2013.

        s/John M. Roper  
CHIEF UNITED STATES MAGISTRATE JUDGE